UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>PHIL'S BBQ, INC.,<br><br>　　　　　　　　　Defendant. | Case No.: 20-cv-1597-CAB-MSB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 12] |

　　　This matter is before the Court on Plaintiff's motion for reconsideration of the Court's order declining to exercise supplemental jurisdiction over Plaintiff's state law claim. Defendant did not oppose the motion. As stated in the order, the Court declined to exercise supplemental jurisdiction over Plaintiff's claim under California's Unruh Act for two reasons, each of which independently justified the Court's decision: (1) that Plaintiff's Unruh Act claim predominates over his federal claim under the Americans with Disabilities Act ("ADA"); and (2) that the interests of comity and discouraging forum shopping constitute exceptional circumstances and compelling reasons to decline supplemental jurisdiction. Plaintiff's primary argument for reconsideration is his belief that the undersigned, who entered the order, mistook his complaint as concerning a construction-

related accessibility claim, when the complaint concerns only Defendant's website. According to Plaintiff, this mistake undercuts the Court's second rationale for declining supplemental jurisdiction.

It is Plaintiff, however, who is mistaken. Plaintiff bases his belief that the undersigned district judge misunderstood the complaint on an order by the magistrate judge in this case. The undersigned, meanwhile, entered its order fully aware of the subject matter of Plaintiff's complaint.

More importantly, Plaintiff's motion cites to no binding authority holding that a district court abuses its discretion by declining supplemental jurisdiction over an Unruh Act claim at the outset of a lawsuit that is in federal court based on an ADA claim. Thousands of such cases have been filed in federal district courts in California (including over one thousand by Plaintiff himself)[1] over the past several years, so the absence of such authority is noteworthy. Moreover, Plaintiff even acknowledges that other district courts have declined to retain jurisdiction over Unruh Act claims notwithstanding the same arguments Plaintiff makes in his motion. Finally, to the extent Plaintiff's motion is premised on arguments that are independent of Plaintiff's mistaken belief that the undersigned was unaware of the substance of Plaintiff's complaint, the Court finds that Plaintiff's motion was not made within a reasonable time under Rule 60(c)(1) or within the 28 days required by CivLR 7.1(i)(2), and Plaintiff offers no explanation or good cause for why he waited almost two months to raise such arguments.

In light of the foregoing, Plaintiff's motion for reconsideration is **DENIED** without prejudice. Plaintiff may re-file a motion for reconsideration based on subsequent binding authority holding that a district court's decision to decline supplemental jurisdiction over

---

[1] *See generally Langer v. Honey Baked Ham, Inc.*, No. 3:20-CV-1627-BEN-AGS, 2020 WL 6545992, at *10 (S.D. Cal. Nov. 6, 2020) (taking "judicial notice of the fact that as of the date of this order, PACER shows a total of 1,508 cases in which the plaintiff is named Chris Langer").

1  an Unruh Act claim at the outset of a case that is in federal court based on an ADA claim
2  is an abuse of discretion or is otherwise a reversible error.
3      It is **SO ORDERED**.
4  Dated:  November 13, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge